JONES *v.* THAXTON et ux.

No. 41874 May 15, 1961 130 So. 2d 1

*R. L. Calhoun,* Hattiesburg; *Sidney B. Majure,* Richton, for appellant.

*John K. Keyes,* Collins, for appellees.

Jones, J.

Appellant sued appellees in the Chancery Court of Covington County to confirm title to a lease agreement executed by appellees to appellant. Appellees filed an answer and cross bill seeking cancellation of such lease.

The lease provided that appellant could mine and produce sand, gravel, clay, etc., from certain lands therein described and that he should pay the appellees five cents per cubic yard for that marketed and shipped.

The lease contained the following provision: "This lease shall be in force and effect for a period of 12 months from and after this date provided that Lessee shall have the option to renew said Lease from year to year on the same conditions as contained herein so long as royalty payments provided herein are being paid to Lessors."

 ██ The original consideration for the execution of the lease was $1. It was executed May 7, 1957. The lease was in effect for its initial term from May 7, 1957 to May 7, 1958. On August 6, 1958, a royalty payment of $3.90 was tendered to, and accepted by, appellees, which the lower court held estopped the appellees from denying that the lease had been renewed for the period from May 7, 1958, to May 7, 1959.

No notice was given on or before May 7, 1959, that appellant desired to exercise the option to renew for an additional term, nor was it shown that at said time any

property of appellant was situated upon the land to indicate a renewal or a holding over. The land was not being mined or worked by appellant on said date.

Appellees were entitled to know whether their land was remaining under lease. Notice of the exercise of the option to renew was requisite, on or before May 7, 1959.

The lower court cancelled the lease for failure to give such notice and the case is affirmed.

Affirmed.

*McGehee, C. J.,* and *Gillespie, McElroy,* and *Rodgers, JJ.,* concur.